Shaw C. J.
drew up (he following opinion, in which Wilde J. concurred. In this case costs are claimed for the trustee. The circumstances of the case are, that the suit was commenced in the county of Suffolk ; that the trustee lives in New Bedford, in the county of Bristol; that he did not appear at the Court of Common Pleas, but the suit being by the principal parties brought to this Court, the trustee appeared in this Court and answered and submitted himself to an examination ; but no judgment was ever rendered on his answer, and it became unnecessary to call upon the Court for any such judgment, by the disposition of the suit.
This disposition was in the following manner; the cause was referred, as between the plaintiff and the principal defendant, and an award was made in favor of the defendant and judgment rendered upon it.
The trustee claims costs under the 4th section of St. 1794, c. 65, the general trustee law, on the ground that the plaintiff has not supported his action against the principal. *
This claim is resisted on the ground, that by virtue of the same section costs are to be awarded in such case, only in ravor of such of the persons summoned as trustees, as have *536 personally appeared in court and submitted themselves ct at aforesaid ”; and it is contended that the words “ as aforesaid ” refer to provisions in the preceding section, and thereby limit the right to recover costs to those who come into court and submit themselves at the first term.
It is contended in behalf of the trustee, that this provision extends only to cases where the trustee is a resident of the county ; and that a trustee summoned out of his own county is in no default in not appearing at the first term, but may appear at any term pending the suit, without imputation of laches.
We think that none of the provisions of the act reach this case precisely and in terms ; and it must therefore be decided by analogy and by reference to the general scope and manifest intent of the law in like cases. It is very manifest that some privileges and immunities are meant to be extended to a trustee summoned out of his county. Such trustee, if he does appear at the first term and discharge himself, may have reasonable compensation for time and expenses beyond legal costs. He is in no case obliged to appear in the first suit, and can be exposed to no charge or liability for not so appearing. Even on scire facias he is entitled to costs, whether he is charged or discharged. He may therefore safely lie by in all cases, until the determination of the first suit, subject to nc cost or liability, except that if he has effects when summoned, he is responsible for retaining them. Otherwise, he is subjected to no peril or responsibility and is in no default for not appearing, and may safely wait till scire facias. If, therefore, he would insist upon his strict rights, and put himself in a condition to claim costs as a party against the plaintiff, in the first suit, in the event -of the plaintiff’s not supporting his action, we think he must do it upon the common terms of appearing and submitting himself to examination, at the return term of the writ. This appears to be most consonant to the equity of the case, and most nearly to conform to the intent and purpose of the act, and the general scope and tendency of its provisions regulating trustees’ costs. As the trustee in the case before us did not appear at the return term, we think that *537 in the event which has occurred, he is not entitled to a judgment for costs.[1]
Bartlett, for the trustee,
cited Cleveland v. Clap, 5 Mass. R. 207.
S. D. Parker, for the plaintiff.

 By Rev. Slat. e. 109, § 53, if the trustee does not dwell in the county in which the writ is returnable, he shall be owed Ins costs, whether he ap pears at the first or at any other term, and whether in the original suit, or upon a scire facias against him.